IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

INCYTE CORPORATION,                     )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )    C.A. No. N15C-09-055 MMJ CCLD
                                        )
FLEXUS BIOSCIENCES, INC.,               )
TERRY ROSEN, and JUAN JAEN,             )
                                        )
        Defendants.                     )

Submitted: July 13, 2017
Decided: July 19, 2017

On Exceptions to the May 11, 2017 Letter Order of the Special Master
and Alternative Motion to Modify the Court's October 19, 2016 Ruling
**DENIED**

**ORDER**

JOHNSTON, J.

On October 19, 2016, the Court heard argument on the parties cross-motions regarding the sufficiency of Incyte's trade secrets statement and related discovery. The Court ruled from the bench on numerous specific discovery requests. The Court held, *inter alia*:

> [A]ll of the information which is requested...must be produced but it is limited, again, to non-public information in the possession of defendants beginning March of 2013 and it only refers to information which was developed by Incyte or developed for the purpose of the sole and confidential use of Incyte, at least initially....

> The question in this case is...what, if anything, did defendants take from Incyte that they were not entitled to have because it was a trade secret. So what did they know and when did they know it and how did they obtain that information?

> The obvious response to that is, even if we have information that was confidential and belonged to Incyte, we didn't get it from Incyte, we already had it. So that's going to become relevant....At some point...there's going to have to be some discovery as to what defendants already had in their possession about this development of the IDO inhibitors as of the time that Flexus was founded or shortly thereafter.

On February 24, 2017, Incyte filed a Third Motion to Compel Discovery. The Motion was referred to the Special Master. Following argument on the Motion, the Special Master found:

> The October 19 Ruling does not hold that there are no circumstances in which the Court would allow discovery beyond the parameters set forth therein. At oral argument on April 18, 2017, Incyte identified certain specific alleged trade secrets that it believes were misappropriated, including the trade secret relating to human half life. The parties should first meet and confer over these issues and discuss whether a reasonable expansion of trade secret discovery beyond the

2

limitations imposed by the October 19 Ruling is warranted. If after doing so Incyte can demonstrate a need for additional targeted trade secret discovery that does not fall with the current parameters, the Court may grant such discovery.

For these reasons, Incyte's Motion to compel discovery beyond the limitations imposed by the October 19 Ruling is DENIED, but the parties are directed to meet and confer over the specific issues raised at oral argument.

Incyte filed exceptions to the Special Master's May 11, 2017 ruling. Alternatively, Incyte seeks modification of the Court's October 19, 2016 order. Incyte argues that the May 11, 2017 ruling contradicts Delaware law. Incyte contends that any restrictions on the scope of discovery be eliminated, and that the case scheduling order be modified to permit expanded discovery. Flexus responds that the Special Master correctly interpreted the October 19, 2016 order and that Incyte's exceptions are an untimely motion for reargument. Additionally, Flexus argues that the discovery process, as overseen by the Special Master is working and that the meet-and-confer process should continue to be followed.

* * * * *

The Court appointed a Special Discovery Master for the purpose of assisting the Court in the time-consuming process of considering in detail the parties' discovery requests. Specifically the Master is charged with determining in the first instance whether discovery is relevant and within the scope of the Court's October 19, 2016 order.

3

The Court finds that the Special Discovery Master carefully considered all issues raised by the parties. The May 11, 2017 decision is consistent with applicable legal precedent and Delaware's Superior Court Civil Rules. The Court is not persuaded by Incyte's exceptions. Upon *de novo* review, the Court finds the May 11, 2017 decision to be well-reasoned.

The Court expects the parties to be mindful that discovery is not limited to admissible evidence. The parties and the Special Master are directed to proceed with the discovery process pursuant to Delaware precedent and Delaware's procedural rules. These standards shall be further clarified, refined and interpreted in a manner consistent with Amended Rule 26 of the Federal Rules of Civil Procedure. The parties shall meet and confer in good faith.

**THEREFORE,** the decision of the Special Discovery Master issued May 11, 2017 is hereby **APPROVED.** All exceptions are hereby **DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston

4